U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP - 8 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RONNIE BIAS | : | DOCKET NO. 01 CV 434 |
| VS. | : | JUDGE MINALDI |
| BETH LUNDY, ET AL | : | MAGISTRATE JUDGE KAY |

## ORDER

Before the Court is a Motion in Limine, [doc. 131], filed by the defendants Brent King and Leonard Gaddy. The plaintiff did not file an Opposition. The defendants seek to exclude testimony from Karen Bias, the plaintiff's wife. At the November 2007 trial, Karen Bias testified that she and Ronnie Bias dated in 1994, and from 1995 until after the incident in 2000, they saw each other approximately three times on a "pass by," lasting about five to ten minutes each visit. Ronnie Bias proffered the testimony of Karen Bias to show how the alleged incident with the defendants affected him.

Federal Rule of Evidence 602 provides that "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself." Rule 602 thus excludes testimony on a matter that the witness did not observe or did not have the opportunity to observe. 1 Kenneth S. Broun, MCCORMICK ON EVID. § 10 (6th ed.). The proponent bears the burden of demonstrating the witness's personal knowledge, however, that burden is "minimal." *Id.*

1

> When under the circumstances reasonable persons could differ as to whether the witness had an adequate opportunity to observe, under Federal Rule 104(b) the witness's testimony is admissible; and the jury will appraise his opportunity to know in evaluating the weight of the testimony.

*Id.*

Because Karen Bias had contact with Ronnie Bias before and after the alleged incident, albeit very little in the five years preceding the incident, this Court cannot say Mr. Bias failed to meet his minimal burden of demonstrating personal knowledge. Karen Bias' testimony is therefore admissible and the jury will appraise the weight of her testimony; accordingly,

IT IS ORDERED that the Motion in Limine [doc. 131] is hereby DENIED.

Lake Charles, Louisiana, this 5 day of Sept, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE