U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP 1 8 2008

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RONNIE BIAS** | : | **DOCKET NO. 01 CV 434** |
| **VS.** | : | **JUDGE MINALDI** |
| **BETH LUNDY, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a Motion in Limine, [doc. 139], filed by the defendants Brent King and Leonard Gaddy (hereinafter "the defendants"). The plaintiff, Ronnie Bias, did not file an Opposition. The defendants seek to exclude lay and expert witnesses who they argue have not been properly identified in this case. This case is set for a jury trial on September 23, 2008.

On August 18, 2008, Mr. Bias filed an Amended Pre-Trial Statement.[1] On August 21, 2008, Mr. Bias filed a First Amended Pretrial Statement.[2] Lay witnesses Julia Mallet, Lloyd Simien, and James D. Stewart are identified for the first time in these statements. Experts Dr. David Greenson and William T. Gaut are identified for the first time in the pretrial statements. Beth Spears, CPA, was previously listed as an expert but the defendants were never provided with her expert report.

Pursuant to this Court's Standing Order Governing Pretrial Procedure, "[t]he plaintiff shall furnish the names and written reports of the experts he intends to call at trial to opposing

---

[1] Amended Pre-Trial Statement (Aug. 18, 2008) [doc. 133].

[2] First Amended Pre-Trial Statement (Aug. 21, 2008) [doc. 137].

1

counsel no later than 90 days before trial...if the deadline is not met, the other party may object, and this Court will order that the expert concerned cannot testify at trial." Accordingly, pursuant to the Standing Order, experts Beth Spears, Dr. Greenson, and William T. Gaut may not testify at trial.

Further, Federal Rule of Evidence 26(e) imposes upon parties the duty to supplement responses to interrogatories. Fed. R. Ev. 26(e). Responses must be supplemented in a "timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Ev. 26(e)(1)(A). Under Federal Rule of Evidence 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

On October 18, 2001, the defendants served interrogatories to Mr. Bias requesting, among other things, the names and address of all witnesses he intended to call at trial.[3] The defendants stated that the interrogatories "are intended to be continuing in nature" and that the plaintiff should supplement his answers with any new information he received between now and the trial.[4] Although the lay witnesses in question were disclosed in the amended pretrial statements, filed within the requisite thirty (30) days prior to trial, this supplementation was not timely, given that the interrogatories were served almost seven years ago.

---

[3] Def.'s Ex. A.

[4] *Id.*

2

The Fifth Circuit examines four factors in assessing whether a failure to supplement is harmless under Fed. R. Ev. 37(c): "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004). Because Mr. Bias did not file a response, this Court does not know why he failed to identify the lay witnesses before filing the amended pretrial statements. Similarly, this Court does not know the importance of such evidence. Moreover, the failure to identify lay witnesses until the eve of trial impedes the ability of opposing counsel to adequately prepare. This Court is not inclined to consider a continuance, given that this case was filed in 2001 and has already been tried twice; accordingly,

IT IS ORDERED that the Motion in Limine [doc. 139] is hereby GRANTED.

Lake Charles, Louisiana, this 16 day of Sept, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE